UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

Criminal No. 12-10076-NMG

                       UNITED STATES OF AMERICA

                                  v.

                            HECTOR CABRAL

                     **MEMORANDUM AND ORDER RE:**
                  **MOTION FOR A BILL OF PARTICULARS**
                         **(DOCKET ENTRY # 60)**

                           **November 9, 2012**

**BOWLER, U.S.M.J.**

Defendant Hector Cabral ("the defendant") moves for a bill of particulars with respect to a one count Superseding Indictment charging him and three other individuals with a criminal conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 841(a)(1). (Docket Entry # 60). The government opposes the motion. (Docket Entry # 64).

The defendant submits that the generality of the Superseding Indictment renders him unable to adequately prepare a defense. To avoid surprise, defendant requests disclosure of the manner and means by which he joined and participated in the conspiracy. He also maintains that the Superseding Indictment fails to provide any information about the meeting of the minds between the defendant and the "co-conspirators relative to conspiring to possess with intent to distribute, and/or to distribute heroin."

(Docket Entry # 62).

The Superseding Indictment charges that the defendants "did knowingly and intentionally combine, conspire, confederate, and agree, with each other . . . to possess with intent to distribute, and to distribute, heroin, a Schedule I controlled substance, in violation of" 21 U.S.C. § 841(a)(1).  (Docket Entry # 38).  It identifies the dates as "at least from in or about October 2011 . . . until at least in or about March 2012" and the locations as "Boston, Canton, Foxboro, and elsewhere in the District of Massachusetts and elsewhere."  (Docket Entry # 38).  The Superseding Indictment also includes the drug amount as "one kilogram or more of a mixture and substance containing a detectable amount of heroin" and that 21 U.S.C. § 841(b)(1)(A)(i) therefore applies to Count One.  (Docket Entry # 38).  Finally, it lists the names of two co-defendants and an unidentified fourth co-defendant.

The supporting memorandum to the motion reflects that on February 17, 2012, "the DEA" observed a meeting between the defendant and named co-defendant Bernardo Gomez, a/k/a "Luis," a/k/a "Veneno" near the entrance of a Boston hotel.  (Docket Entry # 62).  The defendant was seen accepting a white weighted bag believed to be drug proceeds and "then secreting money" in his vehicle.  (Docket Entry # 62).  Later that night, Massachusetts State Police pulled the defendant over while he was

driving his vehicle and, after a search, uncovered $49,000. (Docket Entry # 62).

During discovery, the government represents it provided the defendant with "draft summaries of intercepted communications; copies of completed law enforcement reports authored by agents of DEA and various state police agencies (including reports regarding the seizure of $49,000 from the defendant[)]." (Docket Entry # 64). The government also states that it gave the defendant "copies of all wiretap affidavits (identifying members of the conspiracy and describing with specificity their activities in furtherance of the conspiracy); [and] audio recordings of all intercepted communications between the members of the conspiracy." (Docket Entry # 60).

DISCUSSION

A motion for a bill of particulars, which is "seldom employed in modern practice," is allowed "only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-1193 (1st Cir. 1993); accord United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992) (function of bill "is to provide the defendant with the necessary details of the charges against him to enable him to prepare his defense, to avoid surprise against trial, and to

protect against double jeopardy"); United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970); see also Wong Tai v. United States, 273 U.S. 77 (1927). A bill should only be granted when the indictment is so vague that it does not comply with these purposes. United States v. Bloom, 78 F.R.D. 591, 599 (E.D.Pa. 1977); see United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985). Moreover, an indictment is ordinarily sufficiently detailed "'if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which [the defendant] must defend, and enables [the defendant] to plead double jeopardy in bar of future prosecutions for the same offense.'" United States v. Poulin, 588 F.Supp.2d 64, 66 (D.Me. 2008) (quoting United States v. Sepulveda, 15 F.3d at 1192).

The decision to grant or deny a request rests with the sound discretion of the trial court. United States v. Abreu, 952 F.2d at 1469 ("grant or denial of a motion for a bill of particulars lies within the sound discretion of the trial judge"); accord United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989). A defendant is not entitled to recover evidentiary matters by filing a motion for a bill of particulars. See United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); Overton v. United States, 403 F.2d 444 (5th Cir. 1986); Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968); United States v. Sandler, 462 F.2d 122 (6th Cir. 1972); United States v. Wolfson, 413 F.2d 804, 808

(2nd Cir. 1969) (identity of persons present at time of offense).

Here, to the extent not included in the Superseding Indictment, the government provided the defendant with the relevant information regarding the manner and means of the conspiracy. See United States v. Sepulveda, 15 F.3d at 1193. The Superseding Indictment identified the names of two co-conspirators and a six month time frame during which, at a minimum, the conspiracy existed. It also sets out the nature of the agreement as one to possess with intent to distribute and to distribute heroin. A bill of particulars is therefore not warranted. See, e.g., United States v. Nelson-Rodriguez, 319 F.3d 12, 30-31 (1st Cir. 2003); United States v. Hallock, 941 F.2d 36, 40-41 (1st Cir. 1991).

CONCLUSION

In accordance with the foregoing discussion, the motion for a bill of particulars (Docket Entry # 60) is **DENIED.**

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge